# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SOWINSKI and DOREEN SOWINSKI,<br><br>          Plaintiffs,<br><br>v.<br><br>NEW JERSEY MANUFACTURERS INSURANCE COMPANY,<br><br>          Defendant. | CIVIL ACTION NO. 3:17-CV-02352<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Before the Court is the motion to dismiss filed by Defendant, New Jersey Manufacturers Insurance Company on December 26, 2017 (Doc. 5). Defendant filed its brief in support of the motion on January 9, 2018 (Doc. 6), and Plaintiffs filed their brief in opposition to the motion on January 22, 2018. (Doc. 7). Defendant filed a reply brief on January 31, 2018 (Doc. 9). For the reasons contained in this Memorandum, the motion to dismiss filed by Defendant is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On November 20, 2017, Plaintiffs, Joseph Sowinski and Doreen Sowinski, instituted this action by filing a Complaint in the Court of Common Pleas of Lackawanna County. Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1446(a) on December 19, 2017 based upon diversity of citizenship among the parties under 28 U.S.C. § 1332. (Doc. 1).

In their Complaint, the Sowinskis assert claims of breach of contract and bad faith pursuant to 42 Pa. C.S.A. § 8371. Defendant moves the Court to dismiss Plaintiffs' claim of bad faith for failure to state a claim upon which relief can be granted. Defendant claims first that

Plaintiff makes only broad conclusory allegations of bad faith, compelling dismissal of the claim, and second, that the allegations do not rise to the level of an actionable bad faith claim.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> [s]tandards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. Cnty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Assoc'd. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

The court is required to note the elements a plaintiff must plead to state a claim, identify allegations that are not entitled to an assumption of truth because they are no more than conclusions, and determine whether any well-pleaded factual allegations plausibly give rise to an entitlement of relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 4516712, at *3 (M.D. Pa. Oct. 10, 2017); *citing Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. The factual allegations must be meaningful enough to raise a reasonable expectation that discovery will reveal evidence of each necessary element. *Id.*; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937.

### III. DISCUSSION

Pennsylvania's bad faith statute provides a private cause of action against insurance companies for bad faith denials of insurance coverage. 42 Pa. C.S.A. § 8371. A successful §8371 bad faith claim permits an award of interest on the amount of the insurance claim, punitive damages, and costs and attorneys' fees. "[A]ny frivolous or unfounded refusal to pay proceeds of a policy" constitutes bad faith. *Wolfe v. Allstate Property & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (*citing Terletsky v. Prudential Property and Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d

680, 688 (Pa. Super. Ct. 1994) (citation omitted)). To establish a bad faith claim, the insured must show by clear and convincing evidence that: (1) the insurer did not have a reasonable basis for denying benefits under the policy, and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the insured's claim. *Wolfe,* at 498 (*citing Terletsky*, 649 A.2d at 688). Evidence of an insurer's self-interest and ill-will is probative of the second *Terletsky* prong, but not required. *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377–78, 2017 WL 4296351, at *11 (Pa. 2017).

District courts have required more than "conclusory" or "bare-bones" allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support. *See e.g., McKean v. Nationwide Ins. Co.*, No. 3:12-CV-1206, 2012 WL 12869567, at *3 (M.D. Pa. Dec. 3, 2012), *report and recommendation adopted sub nom. Stephen v. Nationwide Ins. Co.*, No. 3:12-CV-1206, 2012 WL 12871762 (M.D. Pa. Dec. 21, 2012); *Liberty Ins. Corp. v. PGT Trucking, Inc.*, Civ. A. No. 11–151, 2011 WL 2552531, at *4 (W.D. Pa. Jun. 27, 2011); *Pfister v. State Farm Fire & Cas. Co.*, Civ. A. No. 11–799, 2011 WL 3651349 (W.D. Pa. Aug. 18, 2011). Averments in a complaint are insufficient when they are unsupported by facts that "describe who, what, where, when, and how the alleged bad faith occurred." *Palmisano v. State Farm Fire and Casualty Company*, No.12-866, 2012 WL 3595276, * 12 (W.D. Pa. Aug. 20, 2012) (*citing Liberty Ins. Corp. v. PGT Trucking*, No. 2:11-CV-151, 2011 WL 255253 at *4 (W.D. Pa. June 27, 2011)).

Conclusory allegations of bad faith by an insurance company defendant are insufficient to state a claim. For example, in *Meyers v. Protective Insurance Co.*, 2017 WL 386644 (M.D. Pa. Jan. 27, 2017), the court held that allegations that "claim was not timely paid and investigated"

and that the defendant had "refused to attempt in good faith to effectuate prompt, fair and equitable settlement," "failed to act in good faith and with fair dealing towards its insured," and "refused to negotiate with Plaintiff in good faith" failed to state more than conclusory allegations. Finding that the plaintiff had provided no factual support from which the court could conclude that the plaintiff's claims were unreasonable, and that the pleading standards required under *Iqbal* and *Twombly* were not met, it dismissed the bad faith claim. *Id.,* at \*9. In P*almisano, supra*, the court found that allegations supporting the bad faith claim were insufficient where the complaint alleged insurer failed to fairly and properly investigate the claim; denied its clearly-established coverage obligations under the policy; repeatedly asserted bases for denying or attempting to deny coverage that have no basis in fact or law and ignored information in its possession refuting the denial of coverage; engaged in improper, unfair, and unlawful claims handling and insurance practices; violated the fiduciary duty owed its insured; engaged in an adversarial relationship with the plaintiffs; and violated the legal requirements for proper insurance practices. In S*chlegel v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-CV-2190, 2012 WL 441185 (M.D. Pa. Feb. 10, 2012), the Court found that plaintiffs' bad faith claim, which was predicated solely on allegations that: (1) insurer failed to act promptly when the claims arose; (2) did not conduct a reasonable investigation; (3) failed to affirm or deny coverage within a reasonable time; (4) refused to pay claims; (5) declined to provide reasonable explanations for these actions; and (6) compelled the plaintiffs to ultimately bring this action, to be merely conclusory allegations devoid of any facts tending to support those conclusions and thus insufficient to state a claim for bad faith). Similarly, in P*fister v. State Farm Fire & Cas. Co.*, No. 11-CV-0799, 2011 WL 3651349 (W.D. Pa. Aug. 18, 2011), the court

rejected a pleading as deficient where the complaint alleged that the insurer: 1) failed "to conduct a complete and thorough investigation of the claim"; 2) failed to "objectively and fairly value Plaintiffs' claim"; 3) relied upon an estimate compiled by its own consultant while ignoring an estimate provided by Plaintiffs; 4) "failed to negotiate the claim in good faith"; 5) failed to "respond to Plaintiffs' additional written request to discuss resolution of the claim without litigation"; and 6) "failed to provide a reasonable factual explanation of the basis for Defendant's refusal" to pay the full amount sought by Plaintiffs. Finally, in L*iberty, supra*, the court concluded that the pleading was deficient, as it set forth only a "laundry list" of many such generalized accusations, including, among other things, that the insurer had: failed to adequately investigate; failed to settle at appropriate values; failed to act in the best interest of the insured; and/or failed to adequately protect the insured's interests.

In the complaint presently before the Court, Plaintiff's bad faith count, Count II, lists 29 allegations of bad faith. (Doc. 1-1, at ¶ 73(a)-(cc)). Many of the paragraph 73 conclusory allegations of bad faith that are nearly identical to those dismissed in *Meyers, supra*, and are actually more conclusory than some of the allegations dismissed by other courts in this Circuit. These general and conclusory allegations of bad faith do not describe the describe who, what, where, when, and how the bad faith alleged in each subpart of ¶73 occurred. *See Palmisano, supra.* Although previous paragraphs of the complaint allege facts leading up to the filing of the complaint, and highlights disagreements between Plaintiffs and Defendant as to how the matter was being evaluated, the actual paragraphs alleging bad faith do nothing more than conclusorily allege that, in 29 different ways, Defendant acted in bad faith.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 5) is **GRANTED**, and Count II of the complaint (Doc. 1-1) is dismissed without prejudice. The Third Circuit has instructed that if a complaint is vulnerable to a 12(b)(6) dismissal, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. P*hillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Here, because Plaintiffs may be able to put forward additional facts sufficient to state a bad faith claim under Pennsylvania law, leave to amend will be granted.

An appropriate Order follows.

Dated: August 22, 2018    *s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**